UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-CV-22842-JEM

FELIX ANTONIO RESTREPO, and
all others similarly situated under
29 U.S.C. 216(b),

   Plaintiff,

vs.                                                       **ANSWER**

MOBILE CLINIC SERVICES, LLC,

   Defendant.
_____/

      COMES NOW Defendant, Mobile Clinic Services, LLC, by and through its undersigned counsel and answers the Plaintiff's Amended Complaint, as follows:

      1. Defendant denies that any actionable conduct has occurred; subject to that denial, Defendant admits the allegations of Paragraphs 1, 2, 3, 4, 6, and 7.

      2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 8.

      3. Defendant denies the allegations of Paragraphs 5, 9, 10, 11, 12, 13, and 14.

      4. Defendant denies all allegations not specifically admitted.

      5. Defendant demands strict proof.

**AFFIRMATIVE DEFENSES**

      1.  Plaintiff's claims are barred to the extent that he has failed to state a claim upon which relief can be granted in Count I of the Complaint.

      2. Plaintiff is not entitled to relief because any alleged acts or omissions by Defendant were in good faith, in conformity with and in reliance on applicable administrative

regulations, orders, rules, approval or interpretation, or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or judicial orders and interpretations with respect to the class of employers to which Defendant belongs.

3. At all times relevant to this matter, Plaintiff was classified as non-exempt for purposes of the FLSA and was at all times paid appropriate wages for all hours he worked for Defendant.

4. Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks compensation in this action for other than compensable working time.

5. To the extent Plaintiff seeks overtime compensation for hours worked at or below 40 hours per week, such claims are barred.

6. Plaintiff's claims are barred or limited to the extent Defendant has paid or satisfied any overtime obligations or unpaid wages.

7. Plaintiff has failed to state a claim upon which relief can be granted for liquidated damages because Defendant did not willfully and with intent deprive Plaintiff of any wages or pay that Plaintiff was entitled to under the Fair Labor Standards Act.

8. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

9. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant under the Fair Labor Standards Act, any recovery that Plaintiff may be entitled to as a result of this action must be offset or reduced by any overpayments made by Defendant to Plaintiff by any amounts of compensation and benefits that Plaintiff would not

have otherwise received but for any overtime work, and/or by any amounts of compensation and benefits that Plaintiff received for work not performed or performed improperly.

10. Plaintiff's claims and the time for which Plaintiff seeks compensation under the Fair Labor Standards Act are *de minimis*. Accordingly, Plaintiff's claims are barred by the *de minimis* doctrine.

Dated: August 28, 2017

Respectfully submitted,

Richard L. Williams, Esq.
  Richard.williams@hygea.net
  786-405-3312
   FBN 150479
8750 N.W. 36 Street, Suite 300
Miami, FL 33178

*ATTORNEYS FOR DEFENDANT*

By: */s/: Richard L. Williams*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I served a copy of the foregoing on counsel for Plaintiff, Bruno A. Garofalo, Esq., by U.S. mail to J.H. Zidell, P.A., 300 – 71st Street, Suite 605, Miami Beach, FL 33141 and by e-mail to Bruno.garofalo.esq@gmail.com, this 28th day of August, 2017.

*/s/: Richard L. Williams*